354 P.2d 1064

Leslie PRICE and Lafe Morley, Plaintiffs and Appellants,

v.

ASHBY'S INCORPORATED, a Utah corporation, and General Motors Corporation, Pontiac Division, Defendants and Respondents.

No. 9165.

Supreme Court of Utah.

Aug. 15, 1960.

King & Hughes, Salt Lake City, for appellants.

Cannon & Hanson, Skeen, Worsley, Snow & Christensen, John Piercey, Salt Lake City, for respondents.

JEPPSON, District Judge.

This is an appeal from an order granting a motion to dismiss by each defendant at the conclusion of plaintiffs' case on the ground that the evidence failed to show that the negligence of either defendant was a proximate cause of the Price car leaving the road. The facts in the light most favorable to the plaintiffs are as hereinafter interspersed in this decision.

The plaintiff, Price, purchased the Star-Chief Pontiac sedan on February 14, 1958, from defendant, Ashby's Incorporated. The car performed normally for the first 2,000 miles. Thereafter the plaintiff, Price, observed that when the car had been standing with the ignition turned off for a short period of time that the right front portion of the body would settle or drop down until there was not over about three or four inches clearance from the ground. The car was taken to defendant, Ashby's Incorporated, for repair to determine the cause of said settling and because it was riding a little hard. Ashby's negligently failed to find the cause of the settling and failed to repair it. After the upset, a hole was found in the line between the tank and the airlift mechanism that ultimately led to the right front wheel. The escape of air from said hole probably caused the settling of the car when the motor was not running. After the car had settled, prior to the upset, if the motor was started, the right front portion would always regain its proper altitude or level without much delay. The hole in the line was probably caused by a rubbing of the controlling arm, a moving part, against the line. The line had been negligently installed by defendant, General Motors Corporation, too close to the moving control arm. Plaintiffs produced sufficient evidence to go to the jury on the defect in the car and the negligence of each defendant, but failed to show that the defect was, or that the negligence was a proximate cause of the damage of which plaintiffs complain.

Plaintiff, Price, was driving on April 28, 1958, with plaintiff, Morley, riding in the car in a northeasterly direction on High-

way 6–50 at a point approximately 1–½ miles west of Delta, Utah. There was a slight turn to the left. The car approached the turn at 50–60 miles per hour and failed to turn to the left with the road. The car went straight off the road at the curve and went over in the barrow pit. The highway where the car left the road was in all respects normal and was a smooth oiled surface. The car could have left the road for any one or more of a number of reasons. For example, a driver could have been momentarily dozing or could have been inattentive and failed to observe the turn. There is no evidence here that the driver ever attempted to turn the steering wheel to cause the car to go to the left with the road. With two or more possible causes such as an inattentive driver and a mechanical defect that would have made it harder to turn; proof that it may have been either is not proof that it was in fact either. No evidence indicated that either cause was the more probable.

The driver plaintiff testified as follows:

"We were talking of possibilities what we could do on this ranch.

"Q. As you came towards Delta from Garrison did you notice how the car acted? A. I did not pay much attention, we was talking all the way.

"Q. Relate what happened when you came near Delta. A. When we was making that turn, it happened so quick, it is kind of hard to explain. It seems like the car stepped up, and was off and over.

\* \* \* \* \* \*

"Q. Will you tell how this felt to you immediately before you left the road and you turned over? A. I did not have much of a chance to even feel anything. In driving with power steering you sort of relax. I didn't have time to put much pressure on the wheel.

"Q. Were you able to put your foot on the brake? A. I don't recall touching the brake at that time.

\* \* \* \* \* \*

"Q. Did you drive back? A. Yes.
"Q. Did you make any observations? A. Yes.

"Q. What observations? A. Just as we come around the bend there, I could see brake marks on the oil and the car just went straight and down over the shoulder.

\* \* \* \* \* \*

"Q. On any occasion prior to this occasion when you claim that the accident occurred, had the right front of the car ever gone down while you were operating the car prior to the time of the accident? A. No, I never had it go down when I was operating the car.

\* \* \* \* \* \*

"Q. Did you see anything in the vicinity of the highway other than the two black marks? A. No, I didn't.

"Q. You didn't see any gouges in the highway? A. I saw where the car went off the oil, there was a black mark shoved clear to the right, about 18 inches, one black mark went to the side.

"Q. Then when it got to the shoulder you saw it go eighteen inches in one direction? A. Yes, then went over the embankment side.

"Q. You can't remember seeing any gouge marks or anything like that on the highway? A. No.

"Q. Do you recall immediately prior to the car going off the highway that the car was being rough riding? A. No I didn't.

\*   \*   \*   \*   \*   \*

"Q. When you left Delta the day of this accident, April 28, 1958, the level of that car was proper? A. Yes, sir.

"Q. It stayed that way until after the accident? A. Yes. \* \* \*"

The nondriving plaintiff, Morley, testified:

"Q. Did pou notice anything of an unusual nature about the automobile, or how it operated? A. Not a thing.

"Q. Relate what you observed. A. I noticed that there was a kind of dark mark on the road. I judge it was for possibly twenty feet and then that was right down to the edge of the oil and then there was a scuff that looked like it slid off about two feet."

The evidence viewed most favorably to the plaintiffs does not provide a basis upon which it could reasonably be found that the defect in the car was the probable cause of the accident.

Affirmed. Costs to defendants (respondents).

WADE, HENRIOD and CALLISTER, JJ., concur.

CROCKETT, C. J., concurs in the result.

McDONOUGH, J., did not participate.